FILED
2026 May-07  PM 03:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

|  |  |  |
|---|---|---|
| AUTO-OWNERS INS COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| MOUNTAIN BROOK  CONDOMINIUM | ) | |
| ASSOCIATION and NATIONWIDE | ) | |
| MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Auto-Owners Insurance Company, for its complaint against the above-named defendants, states:

## PARTIES

1. Plaintiff Auto-Owners Insurance Company ("Auto-Owners") is incorporated under the laws of the State of Michigan and is licensed to sell insurance in the State of Alabama. Its principal place of business is located at 6101 Ancapri Boulevard, Lansing, Michigan. Its officers direct, control and coordinate the company's activities from Michigan.

2. Defendant Mountain Brook Condominium Association ("the Association") is incorporated under the laws of the State of Alabama. Its principal place of

business is located at 2501 Montevallo Road, Apartment F, Mountain Brook, Alabama. Its officers direct, control and coordinate the company's activities from Alabama. Its registered agent for service of process is Southern Property Management Group, LLC, 2120 16th Avenue South, Suite 202, Birmingham, Alabama.

3. Defendant Nationwide Mutual Insurance Company ("Nationwide") is a foreign corporation. It is incorporated under the laws of the State of Ohio. Its principal place of business is located at One Nationwide Plaza, Columbus, Ohio. Its officers direct, control and coordinate the company's activities from Ohio. Its registered agent in the State of Alabama is the Commissioner of Insurance, 201 Monroe Street, Suite 502, Montgomery, Alabama.

## JURISDICTION AND VENUE

4. The amount in controversy is over $75,000.00.

5. This court has subject matter jurisdiction over this matter under 28 U.S.C. §1332 because the plaintiff is incorporated and domiciled in a state (Michigan) diverse from the states in which the defendants are incorporated and domiciled (Ohio and Alabama).

6. This court has personal jurisdiction over Nationwide because it has purposefully availed itself to the benefit of the laws of this judicial district by regularly transacting and/or conducting business in the State of Alabama.

2

7. This court has personal jurisdiction over the Association because it is incorporated and domiciled in this district.

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the events giving rise to this claim, and the property involved, are located in Jefferson County, Alabama.

## FACTS

9. At all times relevant hereto, Suzanne M. Wilson ("Wilson") owned the condominium unit ("Wilson's unit") located at 2501 Montevallo Road, Apartment F, Mountain Brook, Alabama.

10. Wilson's unit is part of the Association.

11. Prior to May 27, 2024, the Association purchased a policy of insurance from Nationwide. As described below, the Nationwide policy was primary to any other policy for losses that it insured against.

12. On May 27, 2024, during a severe storm, a large tree fell onto the building owned by the Association ("the tree collapse"), causing extensive damage to common elements of the building, including the roof, beam supports, and exterior walls.

13. The tree collapse also damaged Wilson's unit.

14. At the time of the tree collapse, Section 18 of the Association's bylaws specified:

> In the event of the damage or destruction of all or part of the
> Property, then, unless it be determined by the unanimous vote
> of all of the members of the Association not to repair or

3

reconstruct such damaged or destroyed property, the following provisions shall apply:

1. Reconstruction or Repair. If any part of the property shall be damaged by casualty, it shall be reconstructed or repaired.

(a) Common Elements and Facilities. If the damaged improvement is a Common Element or facility, the damaged property shall be reconstructed replaced or repaired.

(b) Building.
(i) Partial Destruction. If the damaged improvement is part of a Building or a Common Element or a facility, the damaged property shall be reconstructed replaced or repaired.
(ii) Total Destruction. If a building is so damaged that the same is untenantable, the Building shall be reconstructed.

15. At the time of the tree collapse, Section 8.1(b) of the Association's bylaws defined "Common Elements" as meaning, "The foundations, columns, girders, beam supports, interior and exterior walls, roofs, exterior stairs and stairways, entry, hallways, walks, entry porches, and outdoor lighting."

16. After the tree collapse, the Association waited for months to repair the damage to the common elements of the building.

17. After the tree collapse, a claim was submitted to Nationwide for the damages caused by the collapse. Nationwide denied the claim without reasonably legitimate or arguable reason.

18. During this time, Wilson's unit remained exposed to the elements, including, but not limited to, rainwater.

19. As a result of the Association's delay in performing repairs, and Nationwide's denial of the claim, Wilson's unit sustained damages well above and beyond those caused by the tree collapse.

20. At the time of the tree collapse, Auto-Owners had issued to Wilson, and there was in full force and effect, a policy of insurance that insured Wilson against the damages caused by the tree collapse and Wilson's unit's ongoing exposure to the elements. As required by, and pursuant to its policy, Auto-Owners paid to, or on behalf of Wilson for these damages, up to the policy limits and less any applicable deductible, and is subrogated to the rights of Wilson to the extent of its payments.

## FIRST CAUSE OF ACTION: NEGLIGENCE CLAIM AGAINST THE ASSOCIATION

21. Auto-Owners incorporates herein by reference paragraphs 1-3, 9-10, 12-16, and 18-19.

22. The Association had the exclusive right and duty to repair the building and its common elements following the tree collapse in a timely and workmanlike manner, so as not to cause further foreseeable damage to Wilson's unit. See *Auburn's Gameday Ctr. at Magnolia Corner Owners Ass'n, Inc. v. Murray*, 138 So. 3d 317, 326 (Ala. Civ. App. 2013) (condominium association, as a common-

5

interest community, owes a duty to unit owners to maintain, repair and replace common elements).

23. The Association breached its duty to Wilson when it failed to repair the Building and its Common Elements for months following the collapse.

24. The Association further breached its duty to Wilson when it failed to properly tarp or otherwise secure the damaged exterior areas while they remained unrepaired, so as to prevent the intrusion of rainwater into the building and the units therein.

25. The Association's breach of its duty to Wilson was negligent and caused Wilson's unit to sustain, and Auto-Owners to pay for, significant additional damages, above and beyond those originally caused by the tree collapse.

**SECOND CAUSE OF ACTION:**
**BREACH OF CONTRACT CLAIM AGAINST THE ASSOCIATION**

26. Auto-Owners incorporates herein by reference paragraphs 1-3, 9-10, 12-16, and 18-19.

27. The bylaws formed a contract between the Association and its members. *See Great Bend Yacht Club, Inc. v. MacLeod*, 280 So. 3d 413, 418 (Ala. Civ. App. 2019) (citing the principle that "'[c]orporate documents such as by-laws . . . are equivalent to contracts among the members of the organization'" and that "'normal rules of construction for contracts apply.'" *Lynd v. Marshall Cty.*

*Pediatrics, P.C.,* 263 So. 3d 1041, 1048 (Ala. 2018) (quoting *Black v. Glass*, 438 So.2d 1359, 1367 (Ala. 1983))."

28. Section 18 of the bylaws created a contractual duty on the part of the Association to repair the damaged property in a timely manner.

29. The Association breached its contractual duty when it failed to repair the Building and its Common Elements for months following the collapse.

30. The Association's breach of its contractual duty caused Wilson's unit to sustain, and Auto-Owners to pay for, significant additional damages, above and beyond those originally caused by the tree collapse.

## THIRD CAUSE OF ACTION: BREACH OF STATUTORY FIDUCIARY DUTY CLAIM AGAINST THE ASSOCIATION

31. Auto-Owners incorporates herein by reference paragraphs 1-3, 9-10, 16, and 18-19.

32. Pursuant to Code of Alabama §35-8A-307(a), the Association "is responsible for maintenance, repair, and replacement of the common elements . . . If damage is inflicted on common elements, or on any unit through which access is taken, . . . the association if it is responsible, is liable for the prompt repair thereof."

33. The Association breached the foregoing statutory duty when it failed to promptly repair the common elements of the building.

7

34. The Association's breach of the foregoing statutory duty caused Wilson's unit to sustain, and Auto-Owners to pay for, significant additional damages, above and beyond those originally caused by the tree collapse.

### FOURTH CAUSE OF ACTION: BREACH OF CONTRACT CLAIM AGAINST NATIONWIDE

35. Auto-Owners incorporates herein by reference paragraphs 1-3, and 9-19.

36. Code of Alabama §35-8A-313 states:

> (a) . . .[T]he association shall maintain . . .
>
> (1) Property insurance on the common elements insuring against all risks of direct physical loss commonly insured against or, in the case of a conversion building, against fire and extended coverage perils. . . .
>
> (d) Insurance policies carried pursuant to subsection (a) must provide that:
>
> (1) Each unit owner is an insured person under the policy with respect to liability arising out of his or her interest in the common elements or membership in the association . . .

37. The Association bylaws, Section 16, state "All insurance policies purchased by the Association shall be for the benefit of . . . the Unit Owners . . . ."

38. Wilson was an insured under the Nationwide policy issued to the Association.

39. Nationwide failed, and continues to fail, to pay the claim that was submitted to it for repairs of the damage caused by the collapse.

40. Nationwide's failure to pay the claim is a breach of the insurance contract.

41. Nationwide's breach caused Auto-Owners to pay the claim.

## FIFTH CAUSE OF ACTION:
## INSURANCE BAD FAITH CLAIM AGAINST NATIONWIDE

42. Auto-Owners incorporates herein by reference the preceding paragraphs 1-3 and 9-19.

43. Nationwide's policy was an insurance contract between Nationwide and Wilson.

44. Nationwide breached, and continues to breach, the contract by intentionally refusing to pay the claim.

45. Nationwide has no reasonably legitimate or arguable reason for its refusal to pay the claim.

46. Nationwide has actual knowledge of the absence of any legitimate or arguable reason.

47. Nationwide's ongoing refusal to pay the claim constitutes bad faith. See *Poarch v. Alfa Mut. Ins. Co.*, 799 So. 2d 949, 953 (Ala. Civ. App. 2000), aff'd sub nom. Ex parte Alfa Mut. Ins. Co., 799 So. 2d 957 (Ala. 2001) (setting forth the elements of a bad faith claim, which include: "(a) an insurance contract between the parties and a breach thereof by the defendant; (b) an intentional refusal to pay the insured's claim; (c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason); (d) the insurer's actual knowledge of the absence of any legitimate or arguable reason; (e) if intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff

9

must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim.").

48. Nationwide's deliberately engaged in oppression, fraud, wantonness, or malice with regard to Wilson in the handling of the claim and its refusal to pay.

49. Nationwide's actions permit Auto-Owners to ask the jury to award punitive damages. See *Nat'l Ins. Ass'n v. Sockwell*, 829 So. 2d 111 (Ala. 2002) (holding that punitive damages are appropriate when an insurance company denies an insurance claim in bad faith).

## SIXTH CAUSE OF ACTION: INDEMNIFICATION CLAIM AGAINST NATIONWIDE

50. Auto-Owners incorporates herein by reference paragraphs 1-3 and 9-19.

51. Code of Alabama §35-8A-313(d) states:

> (4) If, at the time of a loss under the policy, there is other insurance in the name of a unit owner covering the same risk covered by the policy, the association's policy provides primary insurance.

52. Nationwide's policy is primary to Auto-Owners' policy for the claim in question.

53. Auto-Owners' payments were not voluntary but were required under its policy.

54. Auto-Owners' settlement of the claim was reasonable.

55. Nationwide was given notice of this claim, had the opportunity to settle it, and chose not to. Accordingly, it "is precluded from contesting the indemnitee's liability in a subsequent indemnity or third-party action." *Hardie-Tynes Co. v.*

10

*SKF USA, Inc.*, No. 2:16-CV-1417-LCB, 2024 WL 6846243, at *5 (N.D. Ala. July 17, 2024) (citing *Watts v. Talladega Fed. Sav. & Loan Ass'n,* 445 So.2d 316, 320 (Ala. Civ. App. 1984).

56. Auto-Owners is entitled to indemnification from Nationwide for the full amount that it paid to settle the claim.

WHEREFORE, Auto-Owners Insurance Company demands judgment against Mountain Brook Condominium Association and Nationwide Mutual Insurance Company, in an amount to be determined, plus prejudgment interest, all taxable costs and fees, actual attorney fees, and all other just and equitable relief.

Date: May 7, 2026.

/s/ Curtis H. Seal
Curtis H. Seal
State Bar No. 8112P19S
GRAHAM NEAL SEAL & BELL
880 Montclair Road, Suite 450
Birmingham, AL 35213
Tel. (205) 578-1107
cseal@gnsblaw.com
*Attorney for Plaintiff*

and

/s/ Ronald W. Harmeyer
Ronald W. Harmeyer
Moving for admission *pro hac vice*
RON HARMEYER LAW OFFICE
LLC

11

330 E. Kilbourn Ave., Suite 1070
Milwaukee, WI 53202
Tel. (414) 316-2500
Fax (414) 755-7081
rharmeyer@ronharmeyerlaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 7th day of May 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing report. All other parties, if any, will be served by certified U. S. Mail and by Process Server. Parties may access this filing through the Court's electronic filing system.

Mountain Brook Condominium Association
c/o its registered agent,
Southern Property Management Group, LLC
2120 16th Avenue South, Suite 202
Birmingham, AL 35205

Nationwide Mutual Insurance Company
c/o its registered agent,
Commissioner of Insurance
201 Monroe Street, Suite 502
Montgomery, AL 36104

*/s/ Curtis H. Seal*
Of Counsel